FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2013 JUN 19  AM 8: 14

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-00319-WYD-MEH

MALIBU MEDIA, L.L.C.

Plaintiff,

v.

John Ryder

Defendant.

## DEFENDANT'S FIRST ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, John Ryder, by way of answer to the complaint of Malibu Media, LLC (the "Plaintiff") says:

## Introduction

1. Defendant denies Plaintiff has any case of action under the

   Copyright Act (Title 17 U.S.C. § 101 et seq).

2. Defendant denies infringing on Plaintiff's copyrights. The Defendant denies

knowledge of any IP addresses being used to distribute movies.

3. Defendant has no knowledge of statement in paragraph 3.

## Jurisdiction and Venue

4. Defendant admits to the court's jurisdiction.

5. Defendant denies any acts of infringement and denies that any such acts were accurately traced to his physical location. Defendant denies all allegations in part (a), except that the Defendant admits living in Colorado.

6. Defendant denies allegation in part (i) and agrees to statements in part (ii).

## Parties

7. Defendant has no knowledge of the statement in paragraph 7 and leaves for the Plaintiff to prove.

8. Defendant admits to the statement in paragraph 8.

## Factual Background

9. Defendant admits that paragraph 9 is reasonably accurate.

10. Defendant denies the statements of paragraph 10. Due to the global nature of the Internet, devices using the Internet cannot communicate directly as such, but must pass any communications through an unknowable number of intermediary devices.

11.  Defendant denies that users can exchange bits of data. The description of the technology is oversimplified and misleading.

12.  Defendant has no knowledge of what infringers do with their software.

13. Defendant admits the accuracy of statement in paragraph 13.

14. Defendant agrees the hash value is reasonably difficult to reproduce for other data. Defendant denies the hash contains  routing information. It is only used to maintain the integrity of the content.

15. Defendant denies having knowledge of the activities of infringers. Defendant admits that the hash value is reasonably accurate for identifying content.

16. Defendant denies that a TC/IP connection can be made to an IP address. Defendant denies IPP Limited made a connection with any device owned by the defendant.  Exhibit A does not provide any connectivity information and does not identify any devices.

17. Defendant denies everything in paragraph 17.

18. Defendant has no knowledge concerning the accuracy of the plaintiff's exhibits A and B.

19. Defendant denies anything was downloaded from him. The Defendant has no knowledge of the file hashes listed or that they actually match the Plaintiff's works. The match cannot be verified as the actual files and hashing process have been

omitted from the Plaintiff's exhibits.

20. Defendant denies being involved in  IPP Limited's downloading activities.

21. Defendant admits receiving a copy of exhibit B.

22. Defendant denies any involvement regarding Exhibit C.

23. Defendant denies all allegations in paragraph 23, except that he received a copy
of Exhibit D.

24. Defendant denies he has been identified as an infringer.

**Miscellaneous**

25. Defendant has no knowledge concerning paragraph 25.

26. Defendant agrees to the contents of paragraph 26.

**Count I**

27. Defendant's denials and statements in response to paragraphs 1-26 are hereby
incorporated as though fully set forth herein.

28. Defendant has no knowledge of what the Plaintiff owns. Defendant denies the
titles listed in Exhibit B identify original works.

29. Defendant denies the allegations in paragraph 29.

30. Defendant denies the statements in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

32. Defendant denies committing any willful act of infringement.

## **Affirmative Defenses**.

### **First Affirmative Defense**

(Failure to State a Claim for Relief)

Plaintiff has failed to state a claim for which relief may be granted.

### **Second Affirmative Defense**

(Rule 12(b)(6), Fed. R. Civ. P.)

Plaintiff has failed to state a sufficient factual basis to constitute a cause of action.

### **Third Affirmative Defense**

(Failure to Mitigate Damages)

To the extent Plaintiff suffered any damages, which Defendant explicitly denies;

Plaintiff has made no attempt to mitigate any such actual or perceived damages.

### **Fourth Affirmative Defense**

(Unclean Hands)

Plaintiff's claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

(Invalidity or Unenforceability of Copyrights)

Plaintiff's copyrights are invalid and/or unenforceable

### Sixth Affirmative Defense

(Lack of Originality)

Plaintiff's works lack originality and are therefore not protected by copyright

### Seventh Affirmative Defense

(License, Consent, and Acquiescence)

Plaintiff's claims are barred by Plaintiff's implied license, consent, and

acquiescence to Defendant because Plaintiff authorized use via Bit Torrent.

### Eighth Affirmative Defense

(Injunctive Relief)

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is

not immediate nor is it irreparable.

### Ninth Affirmative Defense

(De Minimis Non Curat Lex)

Defendant submits that Plaintiff's claim for copyright infringement is barred by the

Doctrine of de minimis non curat lex (the law cares not for trifle) or de minimis

use.

Pursuant to FRCP Rule 11, all possible defenses and affirmative defenses may not have been alleged herein insofar as sufficient facts are not yet available after reasonable inquiry upon the filing of Defendant's answer to the present Complaint, and therefore, Defendant reserves the right to amend its answer to allege additional defenses and affirmative defenses, if subsequent investigation reveals the possibility for additional defenses.

### Prayer

Wherefore, Defendant respectfully requests the following:

1. That the court enters a judgment in favor of the Defendant that he has not infringed Plaintiff's copyright or otherwise injured Plaintiff.

2. That Plaintiff take nothing as a result of its complaint.

3. That the court grant to Defendant other relief as it sees fit.

Defendant respectfully requests a jury trial on all counts.

DATED: June 19, 2013

Respectfully submitted,

By: _____

John Ryder

Defendant Pro Se

1127 West 98th Avenue,

Northglenn, CO 80260

## Certificate of Service

I, John Ryder, hereby certify that on June 19, 2013, a true and correct copy of the foregoing **DEFENDANT'S FIRST ANSWER TO PLAINTIFF'S COMPLAINT** was sent via first-class mail to the following:

JASON KOTZKER
KOTZKER LAW GROUP
9609 S. University Blvd
Highlands Ranch, CO 80163

By: _____

John Ryder

Defendant Pro Se

1127 West 98th Avenue,

Northglenn, CO 80260