IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-00319-WYD-MEH

MALIBU MEDIA, LLC,

      Plaintiff,

v.

JOHN RYDER,

      Defendant.

_____/

## PLAINTIFF'S PARTIALLY AGREED MOTION TO STRIKE DEFENDANT JOHN RYDER'S AFFIRMATIVE DEFENSES

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(f), hereby moves for the entry of an order striking Defendant John Ryder's ("Defendant") affirmative defenses, and files this memorandum in support:

### I.      INTRODUCTION AND BACKGROUND

Plaintiff's Amended Complaint asserting direct copyright infringement against Defendant John Ryder was filed on May 29, 2013.  On June 19, 2013 Defendant filed his Answer asserting nine Affirmative Defenses against Plaintiff's Amended Complaint. Prior to filing this Motion undersigned counsel conferred with Defendant who indicated that he does not oppose striking his Seventh Affirmative Defense (License, Consent, and Acquiescence).  Concurrence could not be obtained as to the other affirmative defenses, however.  Accordingly, Plaintiff, pursuant to Rule 12(f), hereby moves for the entry of an order striking Defendant's First and Second Affirmative Defenses (Failure to State a Claim), Third Affirmative Defense (Failure to Mitigate Damages), Fourth

1

Affirmative Defense (Unclean Hands), Fifth Affirmative Defense (Invalid/Unenforceable Copyrights), and Sixth Affirmative Defense (Lack of Originality). As explained more fully below, each of the affirmative defenses is insufficient, and accordingly, this Court should grant Plaintiff's Motion.

## II.   ARGUMENT

### A. Legal Standard

The Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Fed. R. Civ. P. 12(f)*. An affirmative defense "is insufficient if, as a matter of law, the defense cannot succeed under any circumstance." *Unger v. US West, Inc.*, 889 F.Supp. 419, 422 (D. Colo. 1995). "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *Malibu Media, LLC v. Batz*, 2013 WL 2120412 at *2 (D. Colo. Apr. 5, 2013) *report and recommendation adopted,* 2013 WL 2115236 (D. Colo. May 15, 2013).

### B. Defendant's First and Second Affirmative Defenses (Failure to State a Claim) Should be Stricken

Defendant's First and Second Affirmative Defenses are duplicative of each other and should be stricken because Plaintiff <u>does</u> state a claim by pleading that Defendant used the BitTorrent protocol to infringe Plaintiff's copyrights. "To establish copyright infringement, [Plaintiff] must prove '(1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original.'" *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 942 (10th Cir. 2002) (*citing TransWestern Publ'g Co., v. Multimedia Mktg. Assocs.*, 133 F.3d 773, 775 (10th Cir.1998)). Plaintiff's Complaint states a prima facie claim for infringement. Plaintiff satisfies the first prong by alleging that it is the

"registered owner of the copyrights set forth on Exhibit B (the "Copyrights-in-Suit.")." Amended Complaint, ¶ 3.  Next, the Complaint explains the operation of the BitTorrent protocol and how Defendant used the protocol to infringe Plaintiff's copyrighted works and that "[b]y using BitTorrent Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit."  *Id.* at ¶ 29. "Plaintiff did not authorize, permit or consent to Defendant's distribution of its works."  *Id.* at ¶ 30.

"Furthermore, as this Court observed in *Michaud v. Greenberg & Sada, P.C.,* No. 11–cv–01015–RPM–MEH, 2011 WL 288592 (D.Colo. July 18, 2011), the defense of 'failure to state a claim' need not be pled. Where, as in this case, the defendant does not articulate a need for the defense in light of its ability to dispute the sufficiency of a claim by motion under Fed.R.Civ.P. 12(b)(6), the defense is justifiably stricken."  *Malibu Media, LLC v. Batz*, *supra* at *3.  Accordingly, the Court should strike Defendant's First and Second Affirmative Defenses.

### C. Defendant's Third Affirmative Defense (Failure to Mitigate Damages) Should be Stricken

Plaintiff hereby elects to recover statutory damages pursuant to 17 U.S.C. § 504, instead of an award of actual damages and profits.  Accordingly, Defendant's Third Affirmative Defense should be stricken as improper.  As his Third Affirmative Defense, Defendant claims that "Plaintiff has made no attempt to mitigate any such actual or perceived damages."  Affirmative Defenses, p.5.

"[A] copyright plaintiff's exclusive pursuit of statutory damages invalidates a failure-to-mitigate defense." *Malibu Media, LLC v. Batz*, *supra* at *3 (citing *Moothart v. Bell,* 21 F.3d 1499, 1506–07 (10th Cir.1994)).  *See also Arista Records, Inc. v. Flea*

*World*, Inc., 356 F.Supp.2d 411, 422 (D. N.J. 2005) (holding that failure to mitigate damages was not appropriate defense in contributory infringement action where plaintiffs were seeking only statutory damages).   Because Plaintiff has elected to recover statutory damages instead of actual damages, Defendant's Third Affirmative Defense should be stricken.

### D. Defendant's Fourth Affirmative Defense (Unclean Hands) Should be Stricken

Defendant's Fourth Affirmative Defense should be stricken as insufficiently pled because Defendant "asserts neither facts nor allegations that would support a finding of unclean hands in this case." *Malibu Media, LLC v. Batz*, *supra* at \*6.   Defendant's Sixth Affirmative Defense merely alleges that "Plaintiff's claims are barred by the doctrine of unclean hands." Affirmative Defenses, p. 5.

The doctrine of unclean hands prevents "one who has engaged in improper conduct regarding the subject matter of the cause of action," from pursuing the claim at issue.  *Sender v. Mann*, 423 F.Supp.2d 1155, 1167 (D. Colo. 2006), *quoting Salzman v. Bachrach*, 996 P.2d 1263, 1269 (Colo. 2000).   "In copyright actions, the doctrine of unclean hands is only applied where the wrongful acts 'in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication.'"  *Malibu Media, LLC v. Batz*, *supra* at \*5 (*quoting Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979)).   The defense does not apply "where plaintiff's misconduct is not directly related to the merits of the controversy between the parties, but only where the wrongful acts" affect the equitable relations between the parties with respect to the controversy.  *Mitchell Bros. Film Group,* 604 F.2d at 863.

This Court has further held that "[u]nclean hands…is an equitable defense that must be pled with the specific elements required to establish the defense," *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, 2010 WL 3522409, at *3 (D. Colo. 2010) (citation omitted), and thus a defendant's pleading "must show that the party seeking equitable relief is (1) guilty of conduct involving fraud, deceit, unconscionability, or bad faith, (2) directly related to the matter at issue, (3) that injures the other party, and (4) affects the balance of equities between the litigants." *Id.* (citations omitted).

In this case, Defendant's conclusory allegation that "Plaintiff's claims are barred by the doctrine of unclean hands" clearly falls short of this Court's pleading requirements. Defendant fails to plead any supporting facts or the required elements of the unclean hands defense. Accordingly, Defendant's Fourth Affirmative Defense should be stricken. *See Cartel Asset Mgmt.*, 2010 WL 3522409, at *4, *citing Home Management Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *4 (S.D. Fla. 2007) (striking defendant's affirmative defense of unclean hands based on the defendant's failure to plead any supporting facts or the elements of that defense).

### E. Defendant's Fifth Affirmative Defense (Invalid/Unenforceable Copyrights) Should be Stricken

Defendant's Fifth Affirmative Defense should be stricken as conclusory. For his defense, Defendant alleges only that "Plaintiff's copyrights are invalid and/or unenforceable." Affirmative Defenses, p. 6. Defendant's assertion is vague and ambiguous. There are myriad reasons why a copyright may be invalid. Without providing a specific reason, Plaintiff cannot begin to formulate a response to inform the Court why such reason is invalid. Moreover, the scope of relevant discovery cannot be ascertained. "The burden is on the party challenging the [copyright] certificate to

5

produce actual evidence indicating that the copyright is invalid." *5 Patry on Copyright §
17:111.*   Defendant has failed to provide any valid factual basis for pleading his
affirmative defense.   Defendant's Fifth Affirmative Defense, therefore, should be
stricken.[1]

### F.  Defendant's Sixth Affirmative Defense (Lack of Originality) Should be Stricken

Defendant's Sixth Affirmative Defense makes the nonsensical claim that the
motion picture works sued upon in this case cannot be copyrighted because they lack
"originality," and "are therefore not protected by copyright."   Affirmative Defenses, at p.
6.

"Originality" in the field of copyright only requires "that the work be independently
created by the author and that it possesses a minimal degree of creativity."   *Gates
Rubber Co. v. Bando Chemical Industries, Ltd.*, 9 F.3d 823, 837 (D. Colo. 1993), *citing
Feist Publications, Inc. v. Rural Telephone Services Co.*, 499 U.S. 340, 361, 111 S.Ct.
1282, 1296 (1991).   Here, as stated in Plaintiff's Amended Complaint, the "Copyrights-
in-Suit" are "the copyrighted movies set forth on Exhibit B."   *Id.* at ¶¶ 2-3 and Exhibit B.
Plaintiff independently created each of the movies on Exhibit B and obtained federal
copyright registrations for each.   The certificates of registration serve as "prima facie
evidence of the validity of the copyright and of the facts stated in the certificate."   17
U.S.C. § 410(c).

---

[1] In the alternative, Plaintiff moves for an order under Fed. R. Civ. P. 12(e) for a more
definite statement.   Rule 12(e) provides: "[a] party may move for a more definite
statement of a pleading to which a responsive pleading is allowed but which is so vague
or ambiguous that the party cannot reasonably prepare a response."

"Registration constitutes prima facie evidence that the work is original." *5 Patry on Copyright § 17:110*.  Defendant cannot argue in good faith to this Court that motion pictures—such as those at issue here—lack sufficient originality to claim copyright protection.  *See, e.g.*, 17 U.S.C. § 101 ("Motion pictures" are audiovisual works consisting of a series of related images which, when shown in succession, impart an impression of motion, together with accompanying sounds, if any.).  As a result, Defendant's Sixth Affirmative Defense should be stricken.

## III.   CONCLUSION

For each of the foregoing reasons, Defendant's Affirmative Defenses should be stricken.

**WHEREFORE,** Plaintiff, Malibu Media, LLC, respectfully requests entry of an order:

(A)    Granting Plaintiff's Motion to Strike Defendant's First, Second, Third, Fourth, Fifth, and Sixth Affirmative Defenses;

(B)    Striking Defendant's Affirmative First, Second, Third, Fourth, Fifth, Sixth, and Seventh Defenses; and

(C)    Granting Plaintiff such other and further relief as this Court deems just and proper.

Dated:  July 10, 2013

Respectfully submitted,

By: /s/*Jason Kotzker*

Jason Kotzker

jason@klgip.com

KOTZKER LAW GROUP

9609 S. University Blvd. #632134

Highlands Ranch, CO 80163

Phone: 303-875-5386

*Attorney for Plaintiff*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)

Pursuant to D.C. Colo L. Civ. R. 7.1(A), counsel for Plaintiff conferred with Defendant prior to filing the instant motion.  Defendant indicated that he "will not oppose a motion to strike the Seventh Affirmative Defense (License, Consent, Acquiescence)." Concurrence as to the first six affirmative defenses could not be obtained however.

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.  A copy of the foregoing document was also served on Defendant via U.S. Mail on July 10, 2013.

By:  /s/ *Jason Kotzker*