IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00319-WYD-MEH

MALIBU MEDIA, LLC,

      Plaintiff,

v.

JOHN RYDER,

      Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court is Plaintiff's Partially Agreed Motion to Strike Defendant John Ryder's Affirmative Defenses [filed July 12, 2013; docket #21]. In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the Motion is referred to this Court for recommendation. (Docket #22.) Defendant filed a response to the Motion on August 2, 2013. Pursuant to D.C. Colo. LCivR 7.1C, the Court decides the Motion without a reply from Plaintiff. For the reasons described below, the Court RECOMMENDS Plaintiff's Motion be **granted** as stated herein.[1]

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

**BACKGROUND**

Plaintiff initiated this action on February 5, 2013, alleging that then-Doe Defendant, identified only by his Internet Protocol ("IP") addresses, infringed on Plaintiff's copyrighted work by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected films.   In an effort to identify the alleged infringer, Plaintiff requested permission from the Court to serve limited, immediate discovery on the Doe Defendant's Internet Service Providers ("ISP") prior to the Rule 26(f) conference. (Docket #7.)  The Court determined that Plaintiff had shown good cause for limited expedited discovery and granted Plaintiff's motion in part. (Docket #11.)  In particular, the Court authorized Plaintiff to serve a third party subpoena pursuant to Fed. R. Civ. P. 45 on the identified ISP for the limited purpose of ascertaining the identity of the Doe Defendant as set forth in Plaintiff's Complaint. The Court directed that the subpoena be limited to providing Plaintiff with the true name, address, telephone number, and email address of the Defendant to whom the ISP had assigned an IP address.  With the subpoena, the Court directed Plaintiff serve a copy of its order.  Finally, the Court emphasized that Plaintiff could only use the information disclosed in response to the subpoenas for the purpose of protecting and enforcing its rights as set forth in its Complaint [docket #1].  The Court cautioned Plaintiff that improper use of this information could result in sanctions.

In accordance with the Court's order, Plaintiff served a  Rule 45 subpoena on Defendant's ISP and obtained his identity, accordingly.  Thereafter, Plaintiff filed an Amended Complaint on May 29, 2013, naming Mr. Ryder as a Defendant.  (Docket #13.) Defendant filed his "First Answer" to Plaintiff's Complaint on June 19, 2013, asserting nine (9) defenses.  (Docket #17.)

Plaintiff moved to strike the First Answer on July 10, 2013.  (Docket #18.)  Shortly after

2

filing, the Court stuck Plaintiff's motion for failure to effectuate proper service on Defendant. (Docket #20.)  Upon amending the Certificate of Service, Plaintiff renewed its Motion that same day.  (Docket #21.)  Defendant filed his response to the Motion on August 2, 2013.  (Docket #24.)

## LEGAL STANDARD

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *Kimpton Hotel & Restaurant Group, LLC v. Monaco Inn, Inc*., No. 07-cv-01514-WDM-BNB, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008) (citing *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985)).  Striking a portion of a pleading is a drastic remedy; the federal courts generally view motions to strike with disfavor and infrequently grant such requests.  5C Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1380 (3d ed. 2011).  Whether to strike an affirmative defense rests within the discretion of the trial court.  *Anderson v. Van Pelt*, No. 09-cv-00704-CMA-KMT, 2010 WL 5071998, at *1 (D. Colo. Dec. 7, 2010) (citing *Vanderhurst v. Colo. Mountain Coll. Dist.*, 16 F. Supp. 2d 1297, 1303 (D. Colo. 1998)).

"An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstance."  *Unger v. US West, Inc.*, 889 F. Supp. 419, 422 (D. Colo. 1995).  Some courts have expanded this pleading standard based on notice to reflect the plausibility standard applied to pleading a claim for relief, which is what Plaintiff asks this Court to do.  The *Twombly/Iqbal* plausibility pleading standard has not been extended to affirmative defenses in this Circuit, and the Court declines to do so here.  The standard articulated in *Unger* continues to be the

appropriate standard.  For the reasons stated herein, the Court holds that an affirmative defense is sufficient if stated "in short and plain terms" pursuant to Rule 8(b)(1)(A), and if the movant fails to demonstrate that the defense cannot succeed under any circumstance.

## ANALYSIS

Plaintiff's Motion seeks to strive Defenses One through Seven. Because Defendant does not oppose an order striking his Seventh Defense, Plaintiff's Motion presents argument on Defenses One through Six.  (*See id.*)  Defendant's response to the Motion concedes that his First and Second Defenses are better argued in a motion to dismiss.  However, he contends that his Third, Fourth, Fifth, and Sixth Defenses should remain.  With the aforementioned legal principles in mind, the Court will consider each of the challenged defenses in turn.

## I.      Third Defense: Failure to Mitigate Damages

In his Third Defense, Defendant contends that Plaintiff has made no attempt to mitigate any actual or perceived damages.  Plaintiff responds that failure to mitigate is not a valid defense in copyright actions in which a plaintiff seeks only statutory damages.  Because Plaintiff has elected to recover statutory rather than actual damages in this case, Plaintiff argues the Third Defense should be stricken.

The Court agrees that a copyright plaintiff's exclusive pursuit of statutory damages invalidates a failure-to-mitigate defense.  *See Moothart v. Bell*, 21 F.3d 1499, 1506-07 (10th Cir. 1994) (finding that mitigation of damages did not apply to statutory penalty); *see also Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 422 (D.N.J. 2005) (mitigation of damages defense not appropriate in copyright infringement case where plaintiffs sought only statutory damages).  Because Plaintiff's Amended Complaint requests only statutory damages, Defendant's

Third Defense cannot succeed under any present circumstance and should, therefore, be stricken. (*See* docket #13 at 7.)

## II. Fourth Defense: Unclean Hands

Defendant's Fourth Defense asserts: "Plaintiff's claims are barred by the doctrine of unclean hands." Plaintiff contends that this allegation is insufficiently pled and should, therefore, be stricken.

In copyright actions, the doctrine of unclean hands is only applied "where the wrongful acts 'in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication.'" *Mitchell Bros. Film Grp. v. Cinema Adult Theater*, 602 F.2d 852, 863 (quoting *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245 (1933)). Where asserted, unclean hands "must be pled with the specific elements required to establish the defense." *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-cv-01644-REB-CBS, 2010 WL 3522409, at *3 (D. Colo. Aug. 11, 2010) (citing *MPC Containment Sys., Ltd. v. Moreland*, No. 05 C 6973, 2008 WL 1775501, at *5 (N.D. Ill. April 17, 2008)). These elements include a showing that the party seeking equitable relief is "(1) guilty of conduct involving fraud, deceit, unconscionability, or bad faith, (2) directly related to the matter at issue, (3) that injures the other party, and [4] affects the balance of equities between the litigants." *Id.* (citing *In re New Valley Corp.*, 181 F.3d 517, 523 (3d Cir. 1999)). Because the alleged inequitable conduct "must be connected ... to the matters before the court for resolution," a court should "not refuse relief to a party merely because it has engaged in misconduct which is unrelated to the claims before the court." *New Valley Corp.*, 181 F.3d at 525.

Defendant's Fourth Defense asserts neither facts nor allegations that would support a finding of unclean hands in this case. Indeed, Defendant's Answer fails to identify any inequitable conduct

which is connected or related to the matters before the Court in this action.[2] Therefore, the Court recommends the District Court grant Plaintiff's Motion to strike Defendant's Fourth Defense.

## III.     Fifth Defense: Invalidity or Unenforceability of Copyrights

In his Fifth Defense, Defendant claims that "Plaintiff's copyrights are invalid and/or unenforceable." Plaintiff characterizes this allegation as excessively vague given the range of grounds upon which a copyright may be deemed invalid. Without additional facts, Plaintiff contends it cannot prepare an adequate response to the defense.

Plaintiff's specificity challenge is not an appropriate basis for striking a defense under the pre-*Iqbal* pleading standards applied under Fed. R. Civ. P. 12(f). *See Malibu Media, LLC v. Does 1, 13, 14, and 16*, No. 12-2078, 2013 WL 1702549, at *4 (E.D. Pa. March 6, 2013). However, the Court finds that the defense should be stricken on other grounds; namely its redundancy.[3]  To establish a claim of copyright infringement, *Plaintiff* must prove "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Defendant's attack the validity of Plaintiff's copyrights is effectively a denial of Plaintiff's prima facie case and is, therefore, not a proper affirmative defense. *See Isringhausen Import, Inc. v. Nissan N.A., Inc.*, No. 10-CV-3253, 2011 WL 6029733, at *6 (C.D. Ill. Dec. 5, 2011) (striking defense that merely attacked element of copyright infringement claim).  By its nature, an affirmative defense "does not negate the elements of a

---

[2]Defendant's response to the Motion contains several allegations regarding the unclean hands defense.  Notwithstanding this Court's finding that the defense as presented is inadequate, Defendant may move to amend his answer to include such facts pursuant to Fed. R. Civ. P. 15(a)(2).

[3]Pursuant to Fed. R. Civ. P. 12(f)(1), the Court may strike a redundant material "on its own."

plaintiff's claim, but instead precludes liability even if all of the elements of a plaintiff's claim are proven." *Lane v. Page*, 272 F.R.D. 581, 598 (D.N.M. 2011). Where a so-called "affirmative defense" does nothing more than rebut a plaintiff's claims directly, the defense should be stricken. *Id*. Therefore, the Court recommends the District Court strike Defendant's Fifth Defense as redundant.

## IV.    Sixth Defense: Lack of Originality

The Sixth Defense proposes that "Plaintiff's works lack originality and are therefore not protected by copyright." Like validity, a copyright's originality must be proven by Plaintiff as part of its claim for infringement. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. at 361. Because the Sixth Defense is "merely a rebuttal" to Plaintiff's claim, as described above, it is not truly an affirmative defense. Therefore, the Court recommends it be stricken as redundant. *See Lane*, 272 F.R.D. at 598.

## CONCLUSION

As described above, the Court finds that Defendant's Third, Fourth, Fifth, and Sixth Defenses should be stricken. The Court issues the same recommendation with regard to Defenses One, Two, and Seven pursuant to the parties' agreement. Accordingly, the Court respectfully recommends that Plaintiff's Partially Agreed Motion to Strike Defendant John Ryder's Affirmative Defenses [filed July 12, 2013; docket #21] be **granted**.

Entered and dated at Denver, Colorado, this 12th day of August, 2013.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty

United States Magistrate Judge